## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Scott Rilley, Michelle Kunza, Linda
Gonzales and Michael Gonzales, individually
and on behalf of the putative class,                    Civil No. 16-cv-4001

                    Plaintiffs,              **NOTICE OF REMOVAL**
                                                      **TO**
v.                                            **FEDERAL COURT**

MoneyMutual, LLC, Selling Source, LLC,
and PartnerWeekly, LLC,

                    Defendants.

---

TO:  THE CLERK OF UNITED STATES DISTRICT COURT FOR THE DISTRICT
     OF MINNESOTA; AND PLAINTIFFS ABOVE-NAMED.

     Defendants MoneyMutual, LLC ("MoneyMutual"), Selling Source, LLC ("Selling

Source"), and PartnerWeekly, LLC ("PartnerWeekly") (collectively, "Defendants") by

and through their attorneys, Winthrop & Weinstine, P.A., remove this action from

Minnesota District Court, First Judicial District, Dakota County, to the United States

District Court for the District of Minnesota pursuant to 28 U.S.C. §§ 1331, 1332 and

1367.

     In support of their Notice of Removal, Defendants state as follows:

### Removal Procedure

     1.    On or about March 20, 2014, Plaintiffs served MoneyMutual with the

Summons and Plaintiffs' initial Complaint.  MoneyMutual was the only named defendant

in the initial Complaint, which is attached hereto as Exhibit A. Plaintiffs allegedly

brought the Complaint individually and on behalf of a putative class. The initial Complaint did not contain any claims that were based on a federal question.

2. On or about May 23, 2014, MoneyMutual moved to dismiss the initial Complaint on the grounds that the Dakota County District Court for the State of Minnesota ("Minnesota State Court") lacked personal jurisdiction over MoneyMutual and that Plaintiffs had failed to join necessary and indispensable parties.

3. On or about July 17, 2014, the Minnesota State Court denied MoneyMutual's Motion to Dismiss.

4. On or about July 30, 2014, MoneyMutual appealed the Minnesota State Court's order denying MoneyMutual's Motion to Dismiss to the Minnesota Court of Appeals.

5. On or about May 18, 2015, the Minnesota Court of Appeals affirmed the Minnesota State Court's order.

6. On or about June 17, 2015, MoneyMutual petitioned the Minnesota Supreme Court for review of the Minnesota Court of Appeals' decision.

7. On or about August 11, 2015, the Minnesota Supreme Court granted review.

8. On or about August 24, 2016, the Minnesota Supreme Court issued its decision, finding that the Minnesota State Court did not err in finding personal jurisdiction over MoneyMutual.

9. On or about October 3, 2016, the Minnesota Supreme Court issued its judgment and returned the case to the Minnesota Supreme Court.

2

10.    On or about November 1, 2016, Plaintiffs served Defendants with a Summons and First Amended Class Action Complaint ("Amended Complaint"). The Amended Complaint named, for the first time, PartnerWeekly and Selling Source as defendants and added a claim for Violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c).  Plaintiffs also allegedly brought the Amended Complaint individually and on behalf of a putative class.  As such, 28 U.S.C. § 1453 applies. A true and correct copy of the Summons and Amended Complaint is attached hereto as Exhibit B.

11.    Consistent with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of service of the Summons and Amended Complaint upon Defendants.

12.    A Notice of Filing of Removal and a copy of this Notice of Removal to Federal Court are being filed contemporaneously herewith in Minnesota District Court, First Judicial District, Dakota County, as required by 28 U.S.C. § 1446(d) and copies of the same have been served upon Plaintiffs as verified by the attached proof of service.

## This Court Has Federal Question Jurisdiction

13.    Plaintiffs' claims may be removed from Minnesota District Court, First Judicial District, Dakota County, pursuant to 28 U.S.C. §§ 1441 and 1331 (federal question jurisdiction) because the District of Minnesota is the District embracing the place where the action is pending.

14.    The United States District Court for the District of Minnesota has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because this action constitutes a claim by Plaintiffs for violation of a federal statute. Plaintiffs specifically

allege a claim under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C.

§ 1962). (*See* Amended Compl. ¶¶ 118 - 138, Exhibit B).

**This Court Has Supplemental Jurisdiction Over Plaintiffs' State Law Claims**

15.    This Court has supplemental jurisdiction over the remaining state law

claims in this action, because such claims are closely related to and arise out of the same

set of operative facts as the federal law claim. The supplemental jurisdictional statute, 28

U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

16.    Claims are "part of the same case or controversy...if they 'derive from a

common nucleus of operative fact.' " *ABF Freight Sys., Inc. v. Int'l Broth. of Teamsters*,

645 F.3d 954, 963 (8th Cir. 2011), citing *Myers v. Richland County,* 429 F.3d 740, 746

(8th Cir. 2005) and *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16

L.Ed.2d 218 (1966). Claims "derive from a common nucleus of operative fact if the

'claims are such that [the plaintiff] would ordinarily be expected to try them all in one

judicial proceeding.'" *Id.*, citing *Gibbs,* 383 U.S. at 725, 86 S.Ct. 1130.

17.    The supplemental jurisdictional statute is subject to certain enumerated

exceptions which do not exist here. 28 U.S.C. § 1367(b).

18.    Where federal question jurisdiction exists, the federal courts have exercised

supplemental jurisdiction over state human rights act claims and other state law claims,

*See*, *e.g.*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988); *Blue Cross Blue Shield*

4

*of Minnesota, Inc.*, 21 F. Supp. 2d 960 (D. Minn. 1998); *Farris v. Exotic Rubber and Plastics of Minn., Inc.*, 165 F.Supp.2d 916 (D. Minn. 2001).

### Jurisdiction Exists Under 28 U.S.C. § 1332

19.     This action is removable pursuant to 28 U.S.C. § 1441(a), because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that there is complete diversity between all properly joined parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

20.     Plaintiffs are residents of Minnesota.

21.     Defendant MoneyMutual is a Nevada limited liability company. MoneyMutual's sole member is Selling Source.

22.     Defendant PartnerWeekly is a Nevada limited liability company. PartnerWeekly's sole member is Selling Source.

23.     Defendant Selling Source is a Delaware limited liability company. Selling Source's members are residents of California and Nevada. None of Selling Source's members are residents of Minnesota.

24.     There is, therefore, complete diversity of citizenship between Plaintiffs and Defendants.

25.     For this Court to have subject matter jurisdiction based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Upon information and belief, and upon the representations of Plaintiffs' counsel that Plaintiffs are alleging that Defendants willfully violated Minnesota and Federal law thousands of times, as well as

Plaintiffs' request in their Amended Complaint that they be entitled to the disgorgement of all amounts received by Defendants in connection with class members' loans and statutory damages of up to $1,000 per violation, Plaintiffs are seeking damages in the hundreds of thousands, if not millions, of dollars. As such, Plaintiffs' claim for damages exceeds the jurisdictional requirement of $75,000.

26. Defendants dispute that Plaintiffs are entitled to any recovery, and Defendants reserve all rights to challenge Plaintiffs' claim for damages. However, based upon the allegations contained in the Amended Complaint, if Plaintiffs are successful in the prosecution of this action, it is more likely than not that the damages they will seek, if proven, exceed $75,000.

27. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

WHEREFORE, Defendants serves Notice that this action has been removed to the United States District Court for the District of Minnesota.

Dated:  November 28, 2016                    WINTHROP & WEINSTINE, P.A.


By: s/ Joseph M. Windler
Joseph M. Windler, #387758
Christina Rieck Loukas, #388036
225 South Sixth Street
Suite 3500
Minneapolis, Minnesota 55402
Telephone:  (612) 604-6400
Email:  jwindler@winthrop.com
        cloukas@winthrop.com

and

Donald J. Putterman
(*pro hac vice application to be submitted*)
Michelle L. Landry
(*pro hac vice application to be submitted*)
PUTTERMAN LANDRY + YU LLP
353 Sacramento Street, Suite 560
San Francisco, CA 94111
Telephone:  (415) 839-8779
Email:  dputterman@plylaw.com
        mlandry@plylaw.com

Attorneys for Defendants

12725860v1

7