UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Scott Rilley, Michelle Kunza, Linda Gonzales and Michael Gonzales, individually and on behalf of the putative class,

    Plaintiffs,

v.

MoneyMutual, LLC, Selling Source, LLC, and PartnerWeekly, LLC,

    Defendants.

Civil No. 16-4001 (DWF/LIB)

**MEMORANDUM OPINION AND ORDER**

---

E. Michelle Drake, Esq., Jeffrey Laurence Osterwise, Esq., and John G. Albanese, Esq., Berger & Montague, PC, and Mark L. Heaney, Esq., Heaney Law Firm, LLC.

Christina Rieck Loukas, Esq., and Joseph M. Windler, Esq., Winthrop & Weinstine, PA, Donald J. Putterman, Esq., Michelle L. Landry, Esq., and Tobias G. Snyder, Esq., Putterman Landry & Yu LLP, counsel for Defendants.

---

**INTRODUCTION**

The plaintiffs in this case filed a purported class action against the defendants for their role in generating sales leads in Minnesota for payday lenders. The defendants moved to dismiss for lack of personal jurisdiction, and the Court denied that motion. One of the defendants now moves the Court to certify the issue for interlocutory appeal. For the reasons discussed below, the Court denies the defendant's motion.

## BACKGROUND

The Court assumes the reader's familiarity with the facts of the case, which are more fully set out in the Court's August 30, 2017 Memorandum Opinion and Order (Doc. No. 62). In short, Defendants collectively operate a lead-generating business for various payday lenders. Consumers would go to the Defendants' website to fill out an application, and then Defendants would sell the application to lenders. The lenders would independently decide whether to lend consumers money.

Defendant MoneyMutual, LLC maintained the website and advertised nationally on television and the Internet, but had no employees or officers. Defendant PartnerWeekly, LLC was MoneyMutual's managing agent. PartnerWeekly would purchase the advertising, operate the website, and contract with lenders on behalf of MoneyMutual. Defendant Selling Source, LLC is the sole parent of MoneyMutual and PartnerWeekly. Selling Source provided common services to the subsidiaries (like legal and accounting), but did not operate the day-to-day business.

Plaintiffs are consumer-borrowers and have filed a purported class action against Defendants related to the payday loans. Plaintiffs first filed their complaint in Minnesota state court, naming only MoneyMutual as a defendant. MoneyMutual moved to dismiss for lack of personal jurisdiction. In *Rilley v. MoneyMutual, LLC* (*Rilley I*), the Minnesota Supreme Court affirmed the finding of personal jurisdiction. 884 N.W.2d 321 (Minn. 2016). After the United States Supreme Court denied MoneyMutual's petition for certiorari, 137 S. Ct. 1331, Plaintiffs amended the complaint to add Defendants

PartnerWeekly and Selling Source and to add a claim for violating 18 U.S.C. § 1962(c) of the federal Racketeer Influenced and Corrupt Organizations (RICO) Act. Defendants then removed the case to federal court. (Doc. No. 1.)

At issue here, the Court concluded that it had personal jurisdiction over Defendants based on the nationwide service of process allowed for under the RICO Act. The Court noted that without the RICO Act, the Court would have dismissed Selling Source, but would have stayed the dismissal pending jurisdictional discovery. (Doc. No. 62 at 7 n.3.) The Court then dismissed the RICO claim for failure to state a claim. In dismissing the claim, the Court acknowledged the incongruity between using the RICO claim to exercise jurisdiction and then dismissing the claim as insufficiently pleaded. Ultimately, the Court concluded that Plaintiffs satisfied the lower standard (a colorable claim) needed for jurisdiction. Selling Source now moves the Court to certify for interlocutory appeal the following question:

> Can a federal court assert personal jurisdiction over a defendant pursuant to the RICO Act, 18 U.S.C. § 1962(c), despite simultaneously dismissing the RICO Act claim against the defendant with prejudice under Rule 12(b)(6)?

## DISCUSSION

### I. Legal Standard

Courts of appeals have jurisdiction over "all final decisions of the district courts." 28 U.S.C. § 1291. A district court may designate an otherwise non-final order as certified for interlocutory appeal under 28 U.S.C. § 1292(b). That statute provides, in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).  Thus, under this provision, there are three criteria for certification: "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) (quotation omitted).  Motions for certification should be "granted sparingly and with discrimination" due to the additional burdens that such appeals place on both the court and the litigants.  *Id.* at 376.  Section 1292(b) certification should be used only in exceptional cases and the movant bears a heavy burden to prove that the case is "an exceptional one in which immediate appeal is warranted."  *Id.*

## II. Certification Will Not Materially Advance the Litigation

"The requirement that interlocutory appeal will materially advance the ultimate termination of the litigation 'is not a difficult requirement to understand.  It means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation.'"  16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Fed. Prac. & Proc.* § 3930 n.39 (3d ed. 2017) (quoting *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)).  "When litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot

be said to materially advance the ultimate termination of the litigation." *Nix*, 43 F.3d at 378-79.

Selling Source argues that granting interlocutory appeal will materially advance the ultimate termination of the litigation because a reversal by the Eighth Circuit would remove Selling Source from the litigation. Selling Source, however, overstates the effect of a successful appeal because Selling Source would still have to go through jurisdictional discovery. Regardless, the Court concludes that appeal will not advance the termination of the litigation because the same claims will still proceed against Selling Source's subsidiaries, which are represented by the same attorneys. Thus, the litigation will likely proceed in the exact same manner even if Selling Source succeeds on appeal. The Court therefore concludes that Selling Source has failed to show that interlocutory appeal will materially advance the termination of the litigation. Because the Court concludes that certifying the issue would not materially advance the litigation, and that conclusion is dispositive, the Court declines to discuss the other issues.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that Selling Source, LLC's Motion for Certification of Interlocutory Appeal (Doc. No. [67]) is **DENIED**.

Dated:  December 11, 2017         s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge