# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Scott Rilley, Michelle Kunza, Venus Colquitt-Montgomery, Jonathon Aldrich, and Kendra Buettner, individually and on behalf of the class, | Civil No. 16-4001 (DWF/LIB) |
| Plaintiffs, | **ORDER** |
| v. | |
| MoneyMutual, LLC, Selling Source, LLC, and PartnerWeekly, LLC, | |
| Defendants. | |

This matter is before the Court upon Defendant MoneyMutual, LLC, Selling Source, LLC, and PartnerWeekly, LLC's ("Defendants") Motion to Modify Settlement (Doc. No. 324 ("Motion").) For the reasons set forth below, the Court denies Defendants' Motion.

On November 11, 2019, Plaintiffs Scott Rilley, Michelle Kunza, Venus Colquitt-Montgomery, Jonathon Aldrich, and Kendra Buettner ("Plaintiffs") (together with Defendants, the "Parties"), finalized a Settlement Agreement (the "Settlement Agreement"), providing for the settlement of this case on a class action basis. (Doc. No. 295; *see also* Doc. No. 299 ¶ 3, Ex. 1 ("Settlement Agreement").) The Settlement Agreement provides payment of $2,000,000 plus injunctive relief. (Settlement Agreement ¶¶ 47-48.) The Settlement Agreement also specifies that payment of the $2,000,000 will be made within seven days of the Effective Date of the Settlement

Agreement.[1]  (*Id.* ¶ 82.)  The Settlement Agreement further provides that "[e]xcept as otherwise stated herein, each substantive term of this Agreement is a material term that the Parties have relied upon in making this Agreement."[2]  (*Id.* ¶ 88.)

Plaintiffs filed an unopposed Motion for Preliminary Approval of Class Action Settlement on November 12, 2019.  (Doc. No. 296 ("Preliminary Approval").)  On December 2, 2019, the Court held a hearing on the Preliminary Approval and entered an Order granting the Preliminary Approval the following day.  (Doc. Nos. 302-303.)  Notice was then sent to the Class and no objections were filed.[3]

---

[1]   The Settlement Agreement defines the Effective Date as the first business day after the first date on which all of the following have occurred:  (1) all Parties, Class Counsel, and Defense Counsel have executed the Settlement Agreement; (b) the Court has issued a preliminary approval order; (c) reasonable notice has been given to the Class Members, including providing them with an opportunity to object to, or opt out of, the Settlement Agreement; and (d) The Court has held a fairness hearing, and entered Final Judgment approving the Settlement Agreement.  (Settlement Agreement ¶ 32.)

The Settlement Agreement further clarifies that, "[o]nly if there are written objections submitted before the fairness hearing, and those objections are not later withdrawn, or if Class Counsel appeals the decision on attorneys' fees and costs, the [Effective Date is the] last of the following events to occur:  [1] if no appeal or reconsideration motion is filed, then the date on which the time to appeal or reconsider the Final Judgment has expired with no appeal or any other judicial review having been taken or sought, or [2] if an appeal or reconsideration of the Final Judgment has been timely filed or other judicial review was taken or sought, the date that order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review or the date the appeals or any other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review.  (*Id.*)

[2]   The timing of payment is clearly set forth in the Settlement Agreement and is not designated as "non-material."  (*See id.* ¶ 82.)

[3]   Because there were no objections, the Effective Date of the Settlement is the first business day after the Court enters Final Judgment approving the Settlement Agreement.  (Settlement Agreement ¶ 82.)

Plaintiffs filed a Motion for Approval of [*Final*] Settlement on March 13, 2020. (Doc. No. 312 ("Final Approval").) The Court held a Fairness Hearing on April 2, 2020, during which the Court found that the Settlement Agreement was fair, reasonable and adequate, and approved it in all respects. (Doc. No. 319 ("Fairness Hrn'g").) Notwithstanding, the Court delayed entering a Final Order approving the Settlement Agreement ("Final Order") because Defendants requested additional time to pay the Settlement Agreement funds.[4] (*Id.*) The Court encouraged the Parties to reach a mutually satisfactory agreement with respect to a payment schedule and directed the Parties to notify the Court whether there was an agreement by Monday, April 6. (*Id.*) In the event that the Parties could not agree, the Court directed each Party to submit a proposal by Tuesday, April 7. (*Id.*) The Parties did not reach an agreement. Defendants now move to Modify the Settlement Agreement pursuant to their desired payment schedule.[5] (Motion.)

Pursuant to Federal Rule of Civil Procedure 23(e), a Court must review any class action settlement agreement for approval as "fair, reasonable, and adequate." Fed. R.

---

[4] Citing the COVID-19 pandemic, Defendants asserted concerns about their financial status due to dramatic declines in the financial markets and in Defendants' business that impacts their ability the pay Settlement Agreement funds on the previously agreed schedule.

[5] In lieu of funding the Settlement Agreement within seven days of the Effective Date, Defendants propose a staggered two-month and four-month extension such that they will pay the $2 million settlement amount as follows: (1) $100,000 within five days of notice of entry of the Court's Final Approval Order; (2) $900,000 sixty days after the initial payment; and (3) $1 million 120 days after the initial payment ("Proposal"). (Doc. No. 326 ("Def. Memo.") at 3.)

3

Civ. P. 23(e). Notwithstanding, the Court lacks authority to "rewrite settlement agreements." *Rawa v. Monsanto Co.*, 934 F.3d 862, 871 (8th Cir. 2019) ("'[T]he power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed.'" (quoting *Evans v. Jeff D.*, 475 U.S. 717, 726 (1986)); *see also Klier v. Elf Atochem N. Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011) ("Because a district court's authority to administer a class-action settlement derives from Rule 23, the court cannot modify the bargained-for terms of the settlement agreement."); *Holden v. Burlington N., Inc.*, 665 F. Supp. 1398, 1406 (D. Minn. 1987) ("The Court is not to dictate or rewrite the terms of the proposed agreement.").

Defendants contend that their Proposal does not amend the material terms of the Settlement Agreement, but "merely extends the time period for Defendants to fund the settlement as a result of changed, and unforeseen, circumstances affecting Defendants' financial condition." (Def. Memo. at 3.) Defendants argue that "[a] court may impose conditions upon a grant of final approval if, absent the conditions, the settlement would fail to satisfy the court's approval analysis." (*Id.* at 4 (citing *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on April 20, 2010*, 910 F. Supp. 2d 891, 944 (E.D. La. 2012), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014) ("Rather, the imposition of conditions upon a grant of final approval is *only* appropriate where, absent modifications, the settlement would fail to satisfy the Rule 23(e) analysis.")).) Therefore, Defendants ask the Court to "impose an extension of time to

fund the Settlement [Agreement] as a condition of final approval so that Defendants can avoid bankruptcy and fully fund the [S]ettlement [Agreement]."[6] (*Id.* At 4.)

Plaintiffs urge the Court to deny Defendants' motion and grant the Final Approval pursuant to the terms set forth in the Settlement Agreement. (Doc. No. 335 ("Pl. Opp.") at 2, 11-12.) Plaintiffs assert that Defendants' Proposal does alter the material terms of the Settlement Agreement because timing of payment, clearly set forth in the Settlement Agreement, is not designated as "non-material." (*Id.* at 8-9 (citing Settlement Agreement ¶¶ 82, 88).) Accordingly, Plaintiffs argue that the Court lacks the authority to provide the relief that Defendants request.[7] (*Id.* at 7.)

The Court agrees. Plaintiffs do not agree to the Proposal; therefore, the Court must approve the Final Order as is. "[T]he power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed." *Rawa*, 934 F.3d at 871 (internal quotation marks and citation omitted). While Defendants argue that the Court may

---

[6] Defendants' contend their Proposal is necessary because they can fund the Settlement Agreement only through the sale of certain stock holdings but selling too much stock at one time in the current market could result in Defendants' bankruptcies. (Def. Memo. at 3 (citing Doc. No. 328 ¶ 9).)

[7] Plaintiffs argue further that Defendants' evidence and statements regarding their financial condition do not provide a convincing financial basis on which to find that the Settlement Agreement is no longer fair and adequate. (Pl. Opp. at 9-10.) While the Court finds this argument compelling, it need not reach this issue because the law is clear that the Court lacks authority to impose conditions to which the Parties do not agree when the Settlement Agreement is fair, reasonable and adequate. Notwithstanding, the Court finds that Defendants' arguments are unlikely to hold up on any appeal of the Court's Final Order.

impose conditions upon grant of final approval, the Court "is not authorized to insist upon changes" when the "settlement is fair, reasonable, and adequate." *In re Oil* Spill, 910 F. Supp. 2d at 944. Here, the Court found the Settlement Agreement fair, reasonable, and adequate at the April 2, 2020 Fairness Hearing. ("Fairness Hrn'g.) Therefore, the Court may no longer impose conditions. Accordingly, the Court must deny Defendants' Motion and issue a Final Order approving the Settlement Agreement as is.[8]

Notwithstanding, the Court strongly encourages the Parties to continue to negotiate and to resolve this issue. With a very limited basis to appeal, it truly benefits no one to prolong this matter. The Court hopes that during this time of global crisis, the Parties may work together to find common ground and to reach an agreement that respects Defendants' financial concerns while honoring the commitments agreed to in the Settlement Agreement.

**ORDER**

Therefore, based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant MoneyMutual, LLC, Selling Source, LLC, and PartnerWeekly, LLC's Motion to Modify Settlement (Doc. No. [324]) is **DENIED**.

Dated: April 14, 2020
s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge

---

[8] On the same day the Court files this Order, the Court will also issue a Final Order approving the Settlement Agreement, and a separate Order granting Plaintiffs' unopposed Motion for Attorney Fees, Costs, and Class Representative Service Awards. (*See* Doc. Nos. 304, 312).