# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Scott Rilley, Michelle Kunza, Venus Colquitt-Montgomery, Jonathon Aldrich, and Kendra Buettner, individually and on behalf of the class,

Plaintiffs,

v.

MoneyMutual, LLC, Selling Source, LLC, and PartnerWeekly, LLC,

Defendants.

Case No. 16-4001 (DWF-LIB)

**ORDER OF FINAL APPROVAL OF SETTLEMENT**

Plaintiffs Scott Rilley, Michelle Kunza, Venus Colquitt-Montgomery, Jonathon Aldrich, and Kendra Buettner ("Plaintiffs" or "Class Representatives"), on behalf of themselves and the Class, and Defendants MoneyMutual, LLC, Selling Source, LLC, and PartnerWeekly, LLC ("Defendants") (together with Plaintiffs, the "Parties"), have entered into a Settlement Agreement (the "Settlement Agreement"), providing for the settlement of this case.

A Fairness Hearing was held before this Court on April 2, 2020, to consider, among other things, whether the settlement represents a fair, reasonable, and adequate compromise of the Action, and the amount to be paid to Class Counsel as fees and litigation costs for prosecuting the Action.

Based upon the presentations of the parties, including all submissions of the parties, including the Preliminary Order Approving Settlement and the proposed Final

Approval of Settlement, and the Court being otherwise duly advised in the premises, hereby enters the following:

## ORDER

1. This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Final Judgment will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Final Judgment.

2. This Court has jurisdiction over the subject matter of this Action, the Class Representatives, the Class, and Defendants. Consequently, Final Approval of the Settlement, and the request for entry of a Final Judgment will be **GRANTED** by this Court.

3. The Court finds that the Settlement Agreement is the product of good faith arms-length negotiations by the Parties, each of whom was represented by experienced counsel.

4. This Court approves all terms set forth in the Settlement Agreement and the settlement reflected therein, and finds that such settlement is, in all respects, fair, reasonable, adequate and in the best interest of the Class Members, and the Parties to the Settlement Agreement are directed to consummate and perform its terms.

5. The Parties dispute the validity of the claims in the Action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, adequate and in the best interests of the Class Members. Class Counsel have reviewed the Settlement Agreement and finds it to

be in the best interest of the Class Members. For all of these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with further litigation, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

6. The Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Class, and the Notice provided to the Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and other applicable law. The Notice apprised the members of the Class of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the Class under the Settlement Agreement; of the res judicata effect on members of the Class and of their opportunity to object to, comment on, or opt-out of, the settlement; of the identity of Class Counsel and of information necessary to contact Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Class to participate in the Fairness Hearing. Accordingly, the Court determines that all Class Members, less any opt-outs, are bound by this Final Judgment in accordance with the terms provided herein.

7. The term "Effective Date" as used herein shall have the same meaning as set forth in the Parties' Settlement Agreement.

8. Within seven days of the Effective Date of the settlement, Defendants shall deliver to the Settlement Administrator for deposit the Settlement Amount of the $2,000,000 in accordance with the Settlement Agreement.

9. Having reviewed the submissions of Class Counsel, the Court finds that the sum of $1,212,045.78 is reasonable compensation for Class Counsel's attorneys' fees and expenses. The Settlement Administrator will pay this sum, from the Settlement Amount, by wire transfer to Class Counsel seven days following the receipt of the Settlement Amount, in accordance with the Settlement Agreement.

10. Having reviewed the submissions of Class Counsel, the Court finds that $6,500 to each Class Representative is reasonable compensation for the Named Plaintiffs' services in this matter. The Settlement Administrator shall pay these sums out of the Settlement Amount to each Named Plaintiff within seven days following the receipt of the Settlement Amount, in accordance with the Settlement Agreement.

11. Having reviewed the submissions of Class Counsel, the Court finds that the not to exceed $80,000 requested amount is reasonable compensation for the settlement administration services provided by American Legal Claim Services in this matter.

12. Within seven days following the receipt of the Settlement Amount, the Settlement Administrator shall mail out checks to the Class Members who returned valid Claim Forms, in accordance with the Settlement Agreement.

13. In accordance with the Settlement Agreement, all checks issued to Class Members shall bear a legend stating that the check shall only be valid for 90 days after the date of issuance. The Settlement Administrator will effect the distribution of the sum

of any settlement checks that remain uncashed after the last check void date in accordance with the Settlement Agreement. Any charitable distributions made pursuant to the Settlement Agreement shall be distributed to the cy pres organization, which the Court approves as Exodus Lending.

14. On the Release Effective Date, for the benefits and consideration outlined in the Settlement Agreement, all Class Members who have not timely and properly opted out of the Settlement, and each of their respective executors, representatives, heirs, successors, trustees, guardians, agents, and all those who claim through them or who assert claims on their behalf, fully and forever release, waive, acquit, and discharge the Defendants from any claims that were or could have been asserted in the Complaint. This release of claims explicitly includes claims for actual damages, statutory damages, and punitive damages, as well as for attorneys' fees and costs.

15. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, this Final Judgment and the Order of Final Approval of Settlement shall be deemed vacated and shall have no force and effect whatsoever.

16. Without affecting the finality of this Final Judgment in any way, this Court retains continuing jurisdiction for the purpose of enforcing the Settlement Agreement and this Final Judgment, and other matters related or ancillary to the foregoing.

17. Based upon good cause appearing, and there being no just reason for delay, the Court directs that this Final Judgment be, and hereby is, entered as a final and appealable order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 14, 2020           s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge